UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES ZERBEL,

       Plaintiff,

  v.

STRYKER EMPLOYMENT COMPANY LLC,

       Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# COMPLAINT

Plaintiff James Zerbel alleges the following for his complaint against Stryker Employment Company LLC.

## NATURE OF THE CASE

1. This is an overtime case that arises out of Defendant Stryker Employment Company LLC's failure to pay Plaintiff James Zerbel proper overtime compensation for his pre-shift work in violation of the Fair Labor Standards Act.

2. Zerbel worked for Defendant at one of the company's call centers as a technical support specialist.

3. Because of the nature of the work and the expectation that he answer and respond to emails before the start of his shift, Defendant required Zerbel and other technical support spe-

cialists to arrive at work prior to their scheduled shifts in order to perform a number of off-the-clock tasks that were integral and indispensable to their jobs, including booting up computers, logging into software programs, logging into phones systems, and answering and responding to emails.

4. Zerbel, however, only received compensation after this preliminary work was completed, even though he was required to perform this work in order to be ready to work when his scheduled shifts began. The failure to be ready to work when the scheduled shift began could result in poor performance evaluations, warnings, discipline, and possibly termination.

5. Zerbel regularly worked 40 hours per week before accounting for his pre-shift and off-the-clock work. When including the pre-shift and off-the-clock work, Zerbel actually worked over 40 hours per week and without the required overtime premium rate for the hours worked over 40 per week that he worked.

6. Defendant, through its managers, had actual (or at the very least constructive) knowledge that Zerbel performed pre-shift work and off-the-clock work without compensation. Even so, Defendant suffered or permitted him to complete this unpaid work.

7. Over 15 years ago, the United States Department of Labor issued Fact Sheet No. 64 in July 2008 to alert call center employees to some of the abuses that have plagued the industry. One of those common issues is an employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." (Ex. 1, U.S. Dep't of Labor Fact Sheet No. 64)  Fact Sheet No. 64 specifically condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-re-

lated emails." (*Id.*)

8. Because of Defendant's failure to pay him overtime compensation, Zerbel has suffered damages that include, but are not limited to, lost wages, liquidated damages, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff James Zerbel is an individual person who resides in Kalamazoo County, Michigan.

10. Defendant Stryker Employment Company is a limited liability company organized under the laws of the State of Michigan. The company maintains its principal place of business in Kalamazoo County, Michigan. Defendant's annual sales exceed $500,000 and the company has more than two employees. Defendant and its employees and agents also systematically engaged in interstate commercial activities at all times relevant to the complaint.

11. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

12. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the Fair Labor Standards Act in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. The FLSA also independently provides for subject matter jurisdiction in the United States courts. 29 U.S.C. § 216(b).

13. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b)(2), because a substantial portion of the events that give rise to Plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

14. Defendant develops, manufactures, and sells biomedical devices, products and

services.

15. To support its business and customer needs, Defendant operates a call center where it employs staff working as technical support specialists.

16. Zerbel worked for Defendant as a technical support specialist and was an "employee" of Defendant within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

17. Zerbel's job duties included fielding inbound calls and emails and performing a wide range of support services in connection with technical support questions related to Defendant's products and services.

18. Zerbel, by virtue of his job duties and the work activities he actually performed, was a non-exempt employee under the FLSA and entitled to overtime compensation.

19. Defendant typically scheduled Zerbel to work from 8:00 am to 4:30 pm with a 30-minute unpaid meal period each shift.

20. Defendant required that Zerbel must be ready to answer incoming calls exactly at the start of his shift (typically at 8:00 am).

21. But when he arrived for his shift, Zerbel would always have emails waiting for him from the previous day that required his attention before he could start his shift. For example, sales representatives and customers would routinely email Zerbel after his scheduled shift ended the day before and into the evening with time-sensitive requests that needed an urgent response. Zerbel could not answer these emails and address the volume of requests that he received while performing his work answering calls.

22. Accordingly, Zerbel and other call center employees would have to report to Defendant's call center as much as 30 minutes before their scheduled start time in order to login to Defendant's computers and software applications and to answer emails and otherwise perform

work for Defendant.

23. Defendant's managers knew that Zerbel and other call center employees had to report to work before their scheduled shifts to perform pre-shift work where they logged in to Defendant's software applications, answered emails, and otherwise performed work to get ready for the start of their shifts.

24. Defendant did not compensate Zerbel for the time that he spent working before the start of his shift.

25. Because Defendant typically scheduled Zerbel to work at least 40 hours per week, his (unpaid) pre-shift work would almost always push his weekly hours over 40 and result in unpaid overtime hours.

26. Despite having knowledge of Zerbel's pre-shift and off-the-clock work, Defendant failed to exercise reasonable diligence to determine the amount of unpaid overtime owed to him.

**COUNT 1**

**FAILURE TO PAY OVERTIME IN VIOLATION
OF THE FAIR LABOR STANDARDS ACT**

27. Zerbel repeats and incorporates all the previous allegations in his complaint.

28. Defendant was (and is) an employer under the FLSA. 29 U.S.C. § 203(d).

29. At all times relevant to the complaint, Defendant "suffered or permitted" Zerbel to regularly perform as much as 30 minutes of pre-shift work and off-the-clock work each shift, which resulted in Zerbel working more than 40 hours each week, but Defendant failed to pay Zerbel overtime compensation for all the overtime hours that he worked.

30. In workweeks where Zerbel worked 40 hours or more, the uncompensated pre-shift and off-the-clock work should have been paid at the federally mandated rate of 1.5 times

Zerbel's regularly rate of pay. 29 U.S.C. § 207.

31. The amount of Zerbel's pre-shift work and off-the-clock amounted to several hours of uncompensated time per week and, over the three-year statutory period, this amount of time was not *de minimis*.

32. Defendant's violations of the FLSA were knowing and willful. Defendant knew or it could have easily determined how long it took for Zerbel and other call center employees to perform their pre-shift work, and Defendant could have properly compensated Zerbel, but the company did not.

33. As a direct and proximate result of these unlawful practices, Zerbel suffered wage loss and is entitled to recover unpaid overtime wages for up to three years prior to the filing of his claims, liquidated damages, prejudgment interest, attorneys' fees and costs, and other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

34. Zerbel demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

35. Plaintiff James Zerbel requests that the Court enter a judgment in his favor and against Defendant in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, liquidated damages, attorney's fees, litigation costs, and interest.

36. Zerbel also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

- 7 -

                                                  JAMES ZERBEL

Dated: September 12, 2023        By: /s/ Mark S. Wilkinson

                                                 Mark S. Wilkinson (P68765)
                                                 PALADIN EMPLOYMENT LAW PLLC
                                                 *Attorney for Plaintiff*
                                                 5955 West Main Street
                                                 Kalamazoo, MI 49009
                                                 (tel.) 269.978.2474
                                                 mark@paladinemploymentlaw.com